UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DR. GERALD R. FINKEL, *as Chairman of the
Joint Industry Board of the Electrical Industry*,

     Petitioner,      **MEMORANDUM & ORDER**
                22-CV-6895 (PKC) (MMH)

  - against -

DNR ELECTRICAL INCORPORATED, *a/k/a
DNR Electrical, Inc.*,

     Respondent.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On November 11, 2022, Petitioner filed a Petition to confirm an arbitration award. (Dkt. 1.) To date, Respondent has not responded to the Petition and their time to do so has expired. (*See* Dkt. 13.) Thus, the Court treats the Petition as an unopposed motion for summary judgment and confirms the award for the reasons set forth below. (*Id.*)

## BACKGROUND

**I. The Parties and Agreements**

Petitioner is the Chairman of the Joint Industry Board ("JIB"), which is the administrator of various employee benefit plans for union members. (Dkt. 1, ¶ 4.) The plans are established and maintained pursuant to a collective bargaining agreement ("CBA") between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO, and certain employer associations and independent or unaffiliated employers in the electrical and other related industries. (*Id.*; *see generally* Dkt. 1-3.) Pursuant to the CBA, at all relevant times, Respondent was an employer required to pay contributions to the various plans. (*See id.* ¶¶ 6, 13, 20–21; Dkt. 1-1; Dkt. 1-3, at 11–18.) However, Petitioner alleges that Respondent failed to make required contributions to

1

several employee benefit plans during several weeks in the summer and fall of 2022.  (*See* Dkt. 1, ¶ 31.)

The CBA also bound Respondent to various policies related to the agreement, including policies on how delinquent contributions would be collected:

> The parties to this Agreement hereby agree to, and shall be bound by, the provisions of the Plan and Trust documents and all amendments thereto as duly adopted by the respective Trustees, established and maintained for purposes of implementing the benefits provided for in this Agreement, as well as the Job Security Fund, as if such documents were incorporated into and made a part of this Agreement, including but not limited to, the Policy for the Collection of Delinquent Contributions as duly adopted by the JIB and the requirements of [the Employee Retirement Income Security Act of 1974 ("ERISA")].

(Dkt. 1, ¶ 22; Dkt. 1-3, at 21.)

Respondent was also required to arbitrate disputes related to, among other things, employer delinquency disputes and audits.  (Dkt. 1, ¶¶ 25, 29, 30; *see generally* Dkt. 1-6.)  Moreover, Respondent is liable for liquidated damages and attorneys' fees and costs if legal action is commenced to collect delinquent contributions.  (Dkt. 1, ¶ 28; Dkt. 1-5, at 4–5.)

## II.    The Arbitration

On September 22, 2022, pursuant to the aforementioned agreements, Petitioner initiated an arbitration proceeding against Respondent to collect the delinquent contributions.  (Dkt. 1, ¶ 32; Dkt. 1-7, at ECF 15.)[1]  The arbitrator held a hearing on November 3, 2022, at which Petitioner presented evidence that Respondent owed JIB contributions for payroll weeks October 12, 2022 through and including October 26, 2022 totaling $2,582.73; and Deferred Salary Plan ("DSP") contributions of $9,203 for the payroll weeks ending June 29, 2022 through and including October 26, 2022.  (Dkt. 1-9, at ECF 1.)  Respondent did not submit any evidence or otherwise respond to

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

the arbitration.  (Dkt. 1-10, at 3.)  The next day, the arbitrator found that Respondent was in violation of the CBA, ERISA, and the Labor Management Relations Act.  (Dkt. 1-10, at 5–6.)  The arbitrator awarded Petitioner a total of $16,497.57, consisting of: (1) JIB contributions of $2,582.73; (2) DSP contributions of $9,203; (3) interest of $104.69; (4) liquidated damages of $2,357.15; and (5) attorney's fees and administrative fees and costs of $2,250.  (Dkt. 1, ¶ 37; Dkt. 1-10, at 5.)  Lastly, the arbitrator ordered Respondent to "[s]ubmit all required payroll reports to [Petitioner] for the payroll weeks ending June 29, 2022 through and including October 26, 2022," and authorized Petitioner to collect "any costs, including reasonable attorney's fees" related to enforcing the award.  (Dkt. 1-10, at 5–6.)

Petitioner alleges that, to date, Respondent has failed to "abide by the Award."  (Dkt. 1, at ¶ 39.)

## LEGAL STANDARD

Although the Petition is unopposed, the Court must review it "as akin to a motion for summary judgment based on the movant's submissions."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006).  That is, "the Court must consider the documentary evidence that Petitioner has submitted rather than merely the allegations in the Petition."  *Finkel v. J&H Elec. Contracting, Inc.*, No. 22-CV-6298 (HG), 2023 WL 4763366, at *2 (E.D.N.Y. July 26, 2023).  However, the review is enormously deferential, and the Court will uphold the arbitrator's decision as long as there is a "barely colorable justification" for the award.  *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992); *see also Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co., Ltd.*, 57 F.4th 372, 378 (2d Cir. 2023) ("'[A]n extremely deferential standard of review' is appropriate in the context of arbitral awards '[t]o encourage and support the use of arbitration by consenting parties.'" (quoting *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007))).

"In the specific context of awards issued pursuant to collective bargaining agreements, the Supreme Court has instructed that '[a]s long as the arbitrator's award draws its essence from the collective bargaining agreement, and is not merely his [or her] own brand of industrial justice, the award is legitimate.'" *Finkel*, 2023 WL 4763366, at *2 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987)). In fact, "[a] court may not review the arbitrator's decision on the merits, and instead, should inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* (citations and quotation marks omitted) (granting unopposed motion to confirm arbitration award).

### DISCUSSION

The Court has reviewed the Petition and the supporting materials, and finds no genuine issue of material fact precluding summary judgment as to all portions of the Award. The Arbitrator's decision provides more than "a barely colorable justification for the outcome reached," *see Trs. of Metal Lathers Loc. 46 Pension Fund v. Regal USA Constr., Inc.*, No. 19-CV-3148 (JMF), 2019 WL 2270435, at *1 (S.D.N.Y. May 28, 2019) (citation omitted), and the terms of the arbitrator's award fall squarely within the "scope of his authority" as defined by the CBA, including all calculations. *See Finkel*, 2023 WL 4763366, at *2. The Court therefore confirms the arbitration award in its entirety.

The Court also awards Petitioner the requested attorney's fees. Both the CBA and the arbitrator's award authorize Petitioner to collect reasonable attorney's fees incurred to enforce the arbitration award. (Dkt. 1-5, at 4–5; Dkt. 1-10, at 6.) *See also Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) ("[W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be properly awarded." (citation and internal quotation marks omitted)). Here, Petitioner has proven the reasonableness and necessity of the attorney's hours expended on this case. (*See*

4

Dkt. 1, ¶ 47 (calculating "total billings in this matter" as $491, "reflecting 1.8 hours of work"); Dkt. 1-11.)  Petitioner's counsel, a law firm associate, has charged a reasonable rate for her work, billing at a rate of $290 per hour, and the number of hours billed is modest, reflecting efficiency. (Dkt. 1, ¶ 33.)  *See Finkel*, 2023 WL 4763366, at *3 ("Although the associate rate of $290/hour is slightly above th[e] usual range, the Court finds this hourly rate to be reasonable, particularly because of the extensive amount of delegation to associates in this case.").  Lastly, Petitioner's requested costs of $477 are sufficiently documented.  (*See, e.g.*, 11/11/2022 Docket Entry (recording case filing fee of $402); Dkt. 12 (recording $40 statutory fee associated with serving Respondent through the New York Secretary of State).)  Thus, the Court awards Petitioner a total of $968 in attorney's fees and costs in connection with this matter.

## CONCLUSION

For the reasons set forth above, the Court confirms the arbitration award issued in favor of Petitioner.  The Clerk of Court is respectfully directed to enter judgment: (1) awarding Petitioner $16,497.57 pursuant to the arbitration award; (2) awarding Petitioner $491 in attorney's fees and $477 in costs; and (3) requiring Respondent to provide JIB all payroll reports required by the CBA for the payroll weeks ending June 29, 2022 through and including October 26, 2022.  Petitioner's counsel shall serve on Respondent a copy of this Order and forthcoming judgment once the judgment has been entered; and shall file proof of service within seven (7) days of the entry of judgment.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 13, 2023
         Brooklyn, New York

5